UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLAIR CHRISTOPHER HANLOH,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. SACV 17-00113-JLS (DFM)<br><br>ORDER TO SHOW CAUSE |
| BLAIR CHRISTOPHER HANLOH,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. SACV 17-00114-JLS (DFM) |
| BLAIR CHRISTOPHER HANLOH,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. SACV 17-00116-JLS (DFM) |

## I.
## BACKGROUND

On January 23, 2017, Blair Christopher Hanloh ("Petitioner") filed three petitions for writ of habeas corpus in this Court.[1] In the first petition, case number SACV 17-00113-JLS (DFM) ("113 Petition"), Petitioner challenges his August 2012 convictions, following a jury trial in Orange County Superior Court, for five counts of recording a false instrument. See People v. Hanloh, Nos. G049417, G049525, 2015 WL 2265697 (Cal. App. May 13, 2015); People v. Hanloh, No. G049417, 2016 WL 1166382 (Cal. App. Mar. 24, 2016); see also Orange Cty. Superior Ct. Case Access, https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. 10CF1450). Petitioner received a four-year prison sentence for those convictions. 113 Petition at 1; see also People v. Hanloh, No. G049417, 2016 WL 1166382 (Cal. App. Mar. 24, 2016).

In the second petition, case number SACV 17-00114-JLS (DFM) ("114 Petition"), Petitioner challenges his July 2016 convictions by guilty plea in Orange County Superior Court for attempting to file false documents, perjury, and other crimes. See 114 Petition at 1; see also Superior Ct. Cnty. Orange Case Access, https://ocapps.occourts.org/ Vision_PublicNS/ (search for case no. 14CF3945). Petitioner apparently received a four-year sentence for those convictions. See Orange Cty. Superior Ct. Case Access, https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. 14CF3945).

Finally, in the third petition, case number SACV 17-00116-JLS (DFM) ("116 Petition"), Petitioner challenges his June 2016 conviction by nolo contendere plea in Los Angeles County Superior Court for two counts of perjury. 116 Petition at 1; see also L.A. Superior Ct. Case Access,

---

[1] All citations to the petitions use the pagination provided by CM/ECF.

http://www.lacourt.org/criminalcasesummary/ui/ (search for case no. BA442610). He apparently received a one-year jail sentence and five years of formal probation for those convictions. 116 Petition at 1; see also Superior Ct. Cnty. Orange Case Access, https://ocapps.occourts.org/ Vision_PublicNS/ (search for case no. BA442610).[2]

For the reasons discussed below, Petitioner is ORDERED TO SHOW CAUSE why his petitions should not be dismissed because the Court lacks jurisdiction over them and/or because they fail to raise a nonfrivolous claim.

## II.
## DISCUSSION

### A. Jurisdiction

"The federal habeas statute gives United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (citation omitted, emphasis in

---

[2] Petitioner filed two previous state habeas petitions in this Court. The first petition, in case number SACV 15-01540-JLS (DFM), was dismissed without prejudice because it challenged an ongoing state criminal proceeding and was unexhausted. See Blair Christopher Hanloh v. Sandra Hutchens, No. 15-01540 (C.D. Cal. Dec. 21, 2015), Dkt. 4 (report and recommendation); id. (C.D. Cal. Mar. 7, 2016), Dkts. 9 & 10 (order accepting and judgment). The second petition, in case number SACV 15-01681, was dismissed with leave to amend because it failed to raise a federal constitutional claim and was unexhausted. Blair Christopher Hanloh v. Sandra Hutchens, No. 15-01681 (C.D. Cal. Dec. 21, 2015), Dkt. 3 (order dismissing petition with leave to amend). After Petitioner failed to file an amended petition, the Court dismissed the petition without prejudice for failure to prosecute. Id. (C.D. Cal. Feb. 16, 2016), Dkt. 6 (report and recommendation); Id. (C.D. Cal. June 10, 2016), Dkts. 7 & 8 (order accepting and judgment). Petitioner incorrectly states that his petitions in SACV 15-1540-JLS (DFM) and SACV 15-01681-JLS (DFM) were dismissed "with leave to am[]end within 1-year." 113 Petition at 13; 114 Petition at 13.

original); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and it requires that the petitioner be in custody at the time the petition is filed. Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010); see also Cook, 490 U.S. at 490-91 ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

  Here, it appears that Petitioner was no longer in jail or prison on January 23, 2017, when his petitions were filed. Petitioner lists a nonprison address of record, and as to each of his challenged convictions, he states that he has served his sentence and has been released from custody. 113 Petition at 1; 114 Petition at 1; 116 Petition at 1. Based on publicly available case information, it appears that Petitioner may have been serving a probation term as to the convictions challenged in one of his petitions, SACV 17-00116-JLS (DFM). See Superior Ct. Cnty. Orange Case Access, https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. BA442610). A probation term is sufficient to satisfy the "in custody" jurisdictional requirement. Fowler v. Sacramento Cty. Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005). But Petitioner fails to explain in the petition whether he in fact received a probation term or when it expired or is set to expire.

  As to the Petitioner's other two petitions, however, nothing indicates that he received a probation or parole term for the challenged convictions. As such, it appears that the Court lacks jurisdiction over those two petitions—SACV 17-00113-JLS (DFM) and SACV 17-00113-JLS (DFM)—because Petitioner was not "in custody" for the purposes of § 2254 at the time they

were filed.

B. **Frivolousness**

Rule 4 of the Rules Governing § 2254 Cases in U.S. District Courts states that a district judge "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Summary dismissal is appropriate when the claims in the petition are vague or conclusory, palpably incredible, or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 76 (1977)).

Here, three of the four claims raised in the petitions are premised solely on the Uniform Commercial Code ("UCC"). First, Petitioner argues in all three petitions that California did not have jurisdiction to prosecution him because in 2009, he

> recorded upon his CA Drivers License . . . ALL RIGHTS RESERVED WITHOUT PREJUDICE PER UCC 1-308.[3] This valid reservation of rights requires an injured party to prosecute me for any Commercial crimes within the State of California. My Reservation of Rights is my remedy in the code and it precluded the State of California from having jurisdiction at anytime when an injured party did not exist.

113 Petition at 5; 114 Petition at 5; accord 116 Petition at 8 (raising same claim with different wording). Second, Petitioner contends in all three petitions that:

> The only jurisdiction in the US and state is under law, equity and

---

[3] U.C.C. § 1-308 provides that "[a] party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient."

> admiralty under Article 3. The Federal corporation grants to the states a colorable jurisdiction known as the Uniform Commercial Code (UCC) and at UCC 1-308 it expressly grants me my remedy for any legal process under commercial law in the US. The State of California used the UCC (code) against me and ignored and refused, and continues to harm me by its refusal to acknowledge my remedy. That remedy is my Constitutional and Civil Right that protects me from an abusive state known as the State of California . . . .

113 Petition at 7; 114 Petition at 7; 116 Petition at 10. And third, in case number SACV 17-00116-JLS (DFM), Petitioner contends that his "Constitutional and Civil Rights" were violated in case number BA442610 when court proceedings continued after the judge "accepted" Petitioner's "Reservation of Rights" and "order[ed] a jurisdictional challenge hearing" but the hearing was never held. 116 Petition at 7.

      Those three claims, which attempt to challenge Petitioner's convictions through the operation of a model civil commercial statute, are legally frivolous. Under 28 U.S.C. § 2254(a), a claim is cognizable in federal habeas corpus proceedings only if it alleges a violation of the Constitution, federal law, or treaties of the United States. The UCC is not a federal law and it has no application to a criminal conviction. Harris v. Wands, 410 F. App'x 145, 147 (10th Cir. 2011) (affirming dismissal of federal prisoner's habeas petition because his "use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws"); Brzezinski v. Smith, No. 12-14573, 2013 WL 2397522, at *3 (E.D. Mich. May 31, 2013) ("The UCC speaks only to commercial law and does not provide a proper basis for appealing a criminal conviction, writing a habeas petition, or bringing a civil rights action."); Crawford v. U.S. Bureau of Prisons, No. 10-

3108, 2010 WL 2671986, at *1, n.4 (D. Kan. June 30, 2010) ("The [UCC] is not relevant to petitioner's federal conviction, and is not itself federal law."). As such, Petitioner's three claims premised on the UCC must be dismissed under Rule 4. See Caldwell v. North Carolina, No. 13-327, 2013 WL 3148630, at *1 (W.D.N.C. June 19, 2013) (dismissing § 2254 petition as frivolous in part because "[p]etitioner cites to the [UCC] . . . in his petition, but the UCC simply does not provide for his release from custody" because "its provisions are wholly inapplicable to criminal judgments"); see also United States v. Sykes, 614 F.3d 303, 306 n.2 (7th Cir. 2010) (characterizing the defendant's argument that the UCC relieved him of criminal liability as "bizarre").

Petitioner's fourth claim, raised only in case number SACV 17-00116-JLS (DFM), is that his "Constitutional and Civil Rights" were violated in case number BA442610 when the state court "continued to proceed" against him "after jurisdiction was removed to Federal Court." 116 Petition at 5. Specifically, Petitioner states that

> In February 2016 I discovered that there was a case and an arrest warrant issued against me and [my] co-defendant . . . . On 2/23/16 federal removal Case #2:16-cr-00094 SJO [was] filed. We attempted three times to have the state court clerk accept the NOTICE TO ADVERSE PARTY OF REMOVAL OF CRIMINAL ACTION and they refused to accept the NOTICE. We then filed by US Mail and the court received it on 3/3/16. On 3/4/16 the case was called and the state court denied the removal and denied the request to recall the arrest warrants. On March 10, 2016 the case was remanded back to the state court.

116 Petition at 5.

This claim is also frivolous. As an initial matter, Petitioner fails to explain how the state court's "denial" of his attempted removal violated the

7

Constitution or any federal law. Moreover, Petitioner attempted to remove the state-court action based on a meritless argument that the state court lacked jurisdiction over him because he had made an "explicit valid reservation of rights upon [his] California Driver's License[]" under UCC 1-308. See Notice of Removal at 2, 4, California v. Blair Christopher Hanloh et al., No. 16-00094-SJO (C.D. Cal. Feb. 23, 2016), Dkt. 1. This is not one of the narrow and limited grounds upon which a state prosecution can be removed to federal court. See 28 U.S.C. §§ 1242-43; Hallal v. Mardel, No. 16-01432, 2016 WL 6494411, at *2 (E.D. Cal. Nov. 2, 2016) (discussing grounds for removal of state prosecutions). Moreover, nothing prevented the state court from proceeding with Petitioner's criminal prosecution after that notice of removal was filed. See 28 U.S.C. 1455(b)(3) (stating that filing of notice of removal of criminal prosecution "shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded"). And in any event, this Court ultimately denied removal and remanded the case back to state court because Petitioner "fail[ed] to allege a federal cause of action that would be grounds for removal." Hanloh, No. 16-00094-SJO (C.D. Cal. Mar. 10, 2016), Dkt. 4 (minute order). Because Petitioner clearly is not entitled to habeas relief on this claim, it must also be dismissed under Rule 4.

## III.
## CONCLUSION

IT THEREFORE IS ORDERED that on or before March 1, 2017, Petitioner must show cause in writing as to (1) why his petitions in SACV 17-00113-JLS (DFM) and SACV 17-00114-JLS (DFM) should not be dismissed for lack of jurisdiction because he was not "in custody" when they were filed and (2) why his petitions in SACV 17-00113-JLS (DFM), SACV 17-00114-JLS (DFM), and SACV 17-00116-JLS (DFM) should not be dismissed under Rule

4 because they fail to state a nonfrivolous claim. As to the petition in SACV 17-00116-JLS (DFM), Petitioner must clarify whether he received a term of probation in that case and when it expired or is set to expire.

    Petitioner is admonished that if he fails to file a timely response to this Order, his petitions may be dismissed for failure to prosecute and/or for the reasons stated above.

Dated: February 6, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge