UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLAIR CHRISTOPHER HANLOH,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>    Respondent. | No. SA CV 17-00113-JLS (DFM)<br><br>ORDER SUMMARILY<br>DISMISSING PETITION |

On January 23, 2017, Blair Christopher Hanloh ("Petitioner") filed three petitions for writ of habeas corpus under 28 U.S.C. § 2254 in this Court, each challenging different state-court convictions. In the instant case, No. SA CV 17-00113-JLS (DFM) ("Petition"),[1] Petitioner challenges his August 2012 convictions, following a jury trial in Orange County Superior Court, for five counts of recording a false instrument. See People v. Hanloh, Nos. G049417, G049525, 2015 WL 2265697 (Cal. App. May 13, 2015); People v. Hanloh, No. G049417, 2016 WL 1166382 (Cal. App. Mar. 24, 2016); see also Orange Cty.

---

[1] Citations to the Petition use the pagination provided by CM/ECF.

Superior Ct. Case Access, https://ocapps. occourts.org/Vision_PublicNS/ (search for case no. 10CF1450). Petitioner received a four-year prison sentence for those convictions. Petition at 1; see also Hanloh, 2015 WL 2265697, at *1.[2]

On February 6, 2017, the Magistrate Judge ordered Petitioner to show cause why all three of the January 23 petitions should not be dismissed. Dkt. 4 ("OSC"). Regarding the Petition in this case, the Magistrate Judge observed that the Court appeared to lack jurisdiction because at the time the Petition was filed, Petitioner was no longer in jail and did not appear to be serving a probation or parole term for the challenged convictions; thus, he was not "in custody" for the purposes of § 2254. See OSC at 3-4. The Magistrate Judge noted that according to publicly available case information, it appeared that Petitioner might be on probation for the convictions challenged in one of his other January 23 petitions, SACV 17-00116-JLS (DFM), and the Magistrate Judge therefore ordered Petitioner to "clarify whether he received a term of probation in that case and when it expired or is set to expire." OSC at 4, 9. The Magistrate Judge further found that the Petition in this case must be dismissed under Rule 4 of the Rules Governing § 2254 Cases in U.S. District Courts because all of its claims, which challenged Petitioner's convictions through the operation of the Uniform Commercial Code ("UCC"), were frivolous. See

[2] Petitioner filed two previous state habeas petitions in this Court. The first petition, in case number SA CV 15-01540-JLS (DFM), was dismissed without prejudice because it challenged an ongoing state criminal proceeding and was unexhausted. See Blair Christopher Hanloh v. Sandra Hutchens, No. 15-01540 (C.D. Cal. Dec. 21, 2015), Dkt. 4 (report and recommendation); id. (C.D. Cal. Mar. 7, 2016), Dkts. 9 & 10 (order accepting and judgment). The second petition, in case number SA CV 15-01681-JLS (DFM), was dismissed with leave to amend because it failed to raise a federal constitutional claim and was unexhausted. Blair Christopher Hanloh v. Sandra Hutchens, No. 15-01681 (C.D. Cal. Dec. 21, 2015), Dkt. 3 (order dismissing petition with leave to amend).

2

1    OSC at 5-8.

2         On February 28, 2017, Petitioner filed a response to the Order to Show

3    Cause. Dkt. 5 ("Response"). In it, Petitioner summarily states that he is "on

4    probation," but despite the Magistrate Judge's explicit order to provide more

5    information, Petitioner nowhere explains which of his convictions resulted in

6    that probation or how long the term was. See Response at 4. Thus, he has not

7    shown that he was on probation—and therefore "in custody"—as the result of

8    the convictions challenged in this Petition. See Maleng v. Cook, 490 U.S. 488,

9    490-91 (1989) ("We have interpreted the statutory language as requiring that

10   the habeas petitioner be 'in custody' under the conviction or sentence under

11   attack at the time his petition is filed."); accord Bailey v. Hill, 599 F.3d 976,

12   978-79 (9th Cir. 2010). Petitioner also fails to show that his claims have any

13   merit; rather, he points to 27 C.F.R. § 72.11, which defines terms related to

14   certain federal regulations, as proof that "all crimes are commercial" and then

15   he repeats some of the Petition's arguments regarding the UCC. See OSC at 3-

16   5. As such, the Petition must be dismissed for lack of jurisdiction and because

17   it is frivolous. See Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010);

18   Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (stating that summary

19   dismissal is appropriate if allegations in habeas petition are patently frivolous).[3]

20   ///

21   ///

22

23         [3] In his Response, Petitioner seeks an order compelling "the People of
24   the State of California" to "produce the contract or commercial agreement that
     would give them jurisdiction over him at the time of his arrest or prosecution."
25   Response at 5. Petitioner argues that "if the People are unable to show
     jurisdiction in any case against the Petitioner," then "this court shall compel
26   the People to state that the judgments against" Petitioner "were void from the
27   beginning." Id. at 5-6. Because the Petition must be dismissed for the reasons
28   stated above, Petitioner's request is DENIED.

3

**ORDER**

Accordingly, this action is dismissed with prejudice for the reasons stated in the Magistrate Judge's February 6, 2017 Order to Show Cause and herein.

Dated: April 28, 2017

_____
JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

4